UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALCOLM A. MEEKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER J. NORMAN, et al., )<br>)<br>Defendants. ) | Case No. 4:22-CV-215 CDP |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Malcolm A. Meeks brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [ECF No. 2.] Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this case for frivolousness and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff initiated this civil action under 42 U.S.C. § 1983 alleging violations of his civil rights. He names Officer J. Norman of the St. Charles Police Department, as well as B.M., a worker at Jack in The Box and the victim in his state court criminal case, as defendants in this action.[1]

Plaintiff asserts that B.M. completed a written statement at the St. Charles Police Department on May 15, 2019, accusing him of Assault in the 2nd Degree and Sodomy in the 1st Degree. Based on B.M.'s statement, Officer Norman completed a probable cause statement that purportedly "contradicted" the police statement.

Plaintiff accuses Officer Norman of manufacturing false evidence to obtain an Indictment against him in Missouri State Court; however, plaintiff fails to allege factual information relative to what he believes Officer Norman did to "manufacture false evidence." Plaintiff also asserts, in

---

[1] Because plaintiff is suing the victim in his state court criminal action, the Court will instruct the Clerk of Court to place plaintiff's complaint under seal. The Clerk shall update the docket to refer to defendant B.M. by her initials only.

a conclusory manner, that Officer Norman gave "false testimony" before the grand jury, and "concealed the grand jury from pertinent facts necessary to a full and fair investigation." Again, plaintiff fails to provide factual assertions relative to his allegations.

Plaintiff asserts that he was indicted in Missouri State Court on August 9, 2019. He argues that sixteen months later, B.M. gave her deposition and "committed perjury under oath" regarding plaintiff's criminal charges. Plaintiff does not elaborate as to the alleged perjury.

### Plaintiff's State Court Record

Independent review of plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system,[2] shows that a criminal complaint was filed against plaintiff on May 17, 2019, charging him with Domestic Assault in the 2nd Degree and Sodomy in the 1st Degree. *See State v. Meeks*, No. 1911-CR02013 (11th Judicial Circuit, St. Charles County Court). The Complaint was supported by a probable cause statement, dated May 16, 2019, and completed by Officer J. Norman:

> On 05/15/2019 at 740 Cunningham Ave #303, St. Charles, Mo. 63301 in St. Charles County, Mo., Malcolm A. Meeks did: commit the offenses of Domestic Assault 2nd Degree (565.073) and Sodomy 1st Degree(566.060). To wit: Meeks began an argument with the victim wherein he accused her of infidelity. Meeks began striking the victim with closed fists upon her head, face, torso, and arms. Meeks grabbed the victim by the hair and pulled causing multiple strands of her braided hair to come out of her head. Meeks grabbed the victim by the throat eliminating her ability to breath. Victim ran out of the apartment with Meeks chasing her outside where further assault took place including punching with closed fists, kicking and stomping her with his feet and then dragging her back to the apartment. Victim ran to the bathroom where she locked the door but Meeks kicked the door open and further assault took place. Victim was only able to scratch at the face of Meeks during the assault. This police department responded to a third party call for a disturbance between a male and female where the female could be heard pleading, "Please stop." Meeks would not allow the victim to open the door and forced her to say they were fine and just having sex. Verbal assault continued on the victim after

---

[2]The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

>the police had left and Meeks forcibly sodomized the victim in her anus and mouth. At one point during the assault, Meeks bit the victim on her right shoulder blade/back. Victim stated she was in fear for her life and that Meeks had assaulted her multiple times in the past. Contusions, bruising, abrasions, and a bite mark were observed on the victim. Meeks was arrested and observed to have multiple fresh scratches to his face. Meeks refused to cooperate with an interview after being Mirandized. Multiple strands of hair matching those of the victims were observed on the floor of the apartment and the bathroom door appeared to have damage consistent with being kicked.

In the probable cause statement, Officer Norman further noted:

>Meeks is an obvious danger to the victim and community as a whole based on the severity of the incident. Meeks is also on state probation for receiving stolen property at this time.

A warrant was issued for plaintiff's arrest on the same date the Complaint was filed, May 17, 2019. *State v. Meeks*, No. 1911-CR02013 (11th Judicial Circuit, St. Charles County Court). Plaintiff was served with the warrant and taken into custody on May 19, 2019.

On August 9, 2019, an Indictment was filed, charging plaintiff with Domestic Assault in the 2nd Degree and Sodomy or Attempted Sodomy in the 1st Degree. A Superseding Indictment was filed on April 29, 2020, charging plaintiff with four counts: Domestic Assault in the 1st Degree; two counts of Sodomy or Attempted Sodomy in the 1st Degree; and Domestic Assault in the 3rd Degree.

On November 16, 2021, plaintiff filed a pro se request for evidentiary hearing and to dismiss the Indictment based on what he believed to be inconsistencies in not only defendant B.M.'s statement to police, but also in the probable cause statement filed by Officer Norman. The Court heard plaintiff's motion on November 22nd and 23rd, 2021. The Court denied plaintiff's motion by written order on November 29, 2021, finding no defect in the Indictment or violation of plaintiff's due process rights.

After a three-day jury trial, plaintiff was found guilty of Domestic Assault in the 3rd Degree on April 6, 2022. He was sentenced to four years' imprisonment in the Missouri Department of Corrections, with a Suspended Execution of Sentence relative to 120-days of Shock Incarceration.

**Discussion**

Having carefully reviewed and liberally construed the allegations of plaintiff's complaint, the Court finds that plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted.

**I.      B.M. is Not Suable Under 42 U.S.C. § 1983**

Plaintiff asserts that his alleged victim in his criminal case, B.M., gave a deposition during the proceedings in his criminal case and "committed perjury under oath." Plaintiff, however, fails to provide any facts as to how B.M. purportedly perjured herself in her deposition.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

A private party can be held liable under 42 U.S.C. § 1983 if it acts under color of law. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). To state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, plaintiff identifies B.M. as a worker at Jack in The Box. Obviously, she is not a governmental entity, nor employed by a government entity, alleged to have exercised power derived solely from the authority of state law. Furthermore, plaintiff presents no facts showing that B.M. was "a willful participant in joint activity with the State or its agents," or that there was "a mutual understanding, or a meeting of the minds," between B.M. and Officer Norman.

To the extent that plaintiff accuses B.M. of filing a false report with the police, the Court notes that a private party's mere invocation of state legal procedures is not sufficient to demonstrate joint participation with state officials to satisfy the requirement under 42 U.S.C. § 1983 that a party act under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982).

For all the reasons discussed above, plaintiff has failed to demonstrate the existence of the first element of a 42 U.S.C. § 1983 action. Therefore, plaintiff's claims against B.M. must be dismissed.

**II.      Claims Against Officer Norman Are Barred by *Heck v. Humphrey***

To the extent that plaintiff seeks money damages based on his belief that the Indictment against him was invalid because Officer Norman's probable cause statement was "manufactured" or because he allegedly gave "false testimony" before the grand jury, his claim is not cognizable.

First and foremost, plaintiff admits in his complaint that Officer Norman's probable cause statement was based on B.M.'s statement to police. He fails to point to a specific contradiction between her statement to Officer Norman and his probable cause statement or his testimony before the grand jury.

As to plaintiff's claim that Officer Norman's probable cause statement was "manufactured" or that he gave "false testimony" before the grand jury, plaintiff provides no facts to support the proposition that Officer Norman made a report that was intentionally inaccurate. In the absence of any facts, plaintiff is left with a bare conclusion, which is insufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Further, plaintiff made these same arguments in his request for evidentiary hearing in his state criminal proceedings at which time he motioned to dismiss the Indictment. The Circuit Court heard plaintiff's motion on November 22nd and 23rd, 2021. The Court denied plaintiff's motion by written order on November 29, 2021, finding no defect in the Indictment or violation of plaintiff's due process rights.

Last, the Court finds that plaintiff cannot sustain a request for money damages after a finding of guilt on the factual issues alleged in the complaint. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff was found guilty of Domestic Assault in the 3rd Degree on April 6, 2022. He was sentenced to four years' imprisonment in the Missouri Department of Corrections, with a Suspended Execution of Sentence relative to 120-days of Shock Incarceration. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87 (1994).

Plaintiff has not alleged, nor has the Court found any evidence, that plaintiff's state court conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid, or called in question by a writ of habeas corpus. If this Court found for plaintiff on his claims of constitutional violations in relation to his state court case, it could render plaintiff's criminal conviction or sentence invalid.  Therefore, plaintiff's claims are not cognizable under § 1983 and subject to dismissal for failure to state a claim. *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).

For these reasons, plaintiff's claims brought in relation to his state court prosecution and against defendants, fail to state a claim and are legally frivolous. These claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall place plaintiff's complaint under seal.

**IT IS FURTHER ORDERED** that the Clerk shall update the docket to refer to defendant B. M. by her initials only.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of July, 2022.

                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE